[S. F. No. 6496.    Department One.—January 28, 1915.]

AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Appellant, v. CITY STREET IMPROVE-MENT COMPANY (a Coropration), et al., Respondents.

SURETY—BOND ON RELEASE OF ATTACHMENT—ACTION TO SET ASIDE JUDGMENT IN ATTACHMENT ACTION—NECESSARY SHOWING OF FRAUD, MISTAKE OR COLLUSION.—A court of equity, at the instance of a surety on a bond given to release an attachment issued in an action against the attachment debtor, will not set aside a judgment regularly obtained and entered against the latter in the attachment action, in the absence of a showing of fraud, mistake, or collusion, in obtaining the judgment. A complaint by the surety in an action seeking such relief, which fails to allege one of such grounds, is demurrable.

ID.—LACHES OF SURETY IN SEEKING RELIEF—CHANGE IN RELATION TO PROPERTY OF ATTACHMENT DEBTOR.—Such a complaint is also sub-ject to the objection that it shows upon its face that the plaintiff was guilty of laches, where it affirmatively appears therefrom that a period of over two years elapsed between the filing of the com-plaint in the attachment action and the taking of judgment, during all of which time the surety took no step to protect its interests, and that it waited a period of almost six months after the entry of judgment against the attachment debtor before seeking to set it aside, during which interval the situation of the property formerly owned by the attachment debtor had changed so that the judgment creditor had lost all possible chance of recovery on its claim from any source other than the land.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

John E. Burnett, and Charles A. Shurtleff, for Appellant.

L. M. Hoefler, William Rix, and Hoefler, Cook, Harwood & Morris, for Respondent.

At the close of the argument Sloss, J., delivered the opin-ion of the court, Shaw, J., and Lawlor, J., concurring:

The plaintiff, American Surety Company of New York, became the surety on a bond in the sum of ten thousand

dollars, given to release an attachment issued in an action brought by the City Street Improvement Company against the Edgemar Realty Syndicate to recover money claimed to be due under a contract for certain street improvements. While that action was pending, the Edgemar Realty Syndicate, became insolvent and forfeited its charter for failure to pay the license-tax. Subsequently the plaintiff in the former action, City Street Improvement Company, brought the case on for trial and took judgment without any one appearing in opposition. The Surety Company knew, of course, when it gave the bond, that the action was pending, and it had knowledge of the fact that the case was set for trial some days before it came on for hearing.

It now comes in by a bill in equity and seeks to set aside the judgment and to be permitted to assert the defense of the Edgemar Realty Syndicate to the original action, it being alleged in the bill that there was a meritorious defense. The court below sustained a demurrer to the complaint, and gave judgment in favor of the defendants. The plaintiff appeals.

The ruling on the demurrer was properly made. The complaint is entirely devoid of any allegations tending to show fraud, mistake, or collusion, and in the absence of a showing of one of these grounds for relief, a court of equity will not set aside a judgment regularly obtained and entered. The complaint is also subject to the objection that it shows upon its face that the plaintiff was guilty of laches. A period of over two years elapsed between the filing of the complaint in the former action and the taking of judgment, and during all of this time the Surety Company took no step to protect its interests. Furthermore, the Surety Company waited a period of almost six months after the entry of the judgment against the Edgemar Realty Syndicate before seeking the relief asked for in this action. During this interval, the situation of the property formerly owned by the syndicate had changed in such a manner that the creditor—the City Street Improvement Company—has lost all possible chance of recovery on its claim from any source other than the bond.

The bill is without equity and does not state a cause of action.

The judgment is affirmed.

Hearing in Bank denied.